752 So.2d 159 (2000)
In re BAR EXAM CLASS ACTION.
No. 99-OB-2880.
Supreme Court of Louisiana.
February 18, 2000.
PER CURIAM.[*]
This is an application directly to this court by persons who either failed or conditionally failed the July 1999 bar examination. Applicants seek judicial review by this court of the findings by the Committee on Bar Admissions that they did not pass the examination. Applicants also seek class certification.
Applicants contend that the bar admission process is a judicial function. They accordingly argue that only judges are empowered to perform judicial functions and that judicial functions cannot be delegated to the non-judge members of the Committee on Bar Admissions.
Original jurisdiction in most civil and criminal matters is vested in the district courts. La. Const. art. V, § 16(A). *160 Arguably, this matter is not a civil or criminal matter, and may be filed directly in this court as an administrative matter under our supervisory authority over the practice of law. La. Const. art. V, § 5; see also Imbornone v. Early, 401 So.2d 953 (La.1981).
Nevertheless, the conclusion that this application, which is addressed to this court's supervision of the bar admissions process, is properly filed directly in this court does not dictate the further conclusion that justices (or judges) must grade bar examinations or review examinations with failing grades.
This court has the exclusive and plenary power, emanating from the constitutional separation of powers, to define and regulate all facets of the practice of law, including the admission of attorneys to the bar, the professional responsibility and conduct of attorneys, the discipline of attorneys, and the attorney-client relationship. Succession of Wallace, 574 So.2d 348 (La.1991). Moreover, courts have the inherent power to do all things reasonably necessary for the exercise of their functions as courts. Konrad v. Jefferson Parish Council, 520 So.2d 393 (La. 1988). This inherent power, which has been used to regulate the admission of attorneys to the practice of law, see In re Florida State Bar Ass'n, 134 Fla. 851, 186 So. 280 (1938), is a necessary concomitant to the judicial power, but pertains to the administration of the business of the courts. Konrad, supra at 397.
Functions of this court under the judicial power include both adjudicatory functions and administrative functions. The supervision of the bar admissions process, even though the supervision is performed by this court and applications regarding the process generally may be filed directly in this court, falls under this court's administrative authority and duties, and administrative functions within the process may be delegated to non-judges. See Whitfield v. Illinois Board of Law Examiners, 504 F.2d 474 (7th Cir.1974) (the determination of which individuals have the requisite knowledge and skill to practice law may properly be committed to a body such as the Illinois Board of Bar Examiners); Rosenthal v. State Bar Examining Committee, 116 Conn. 409, 165 A. 211 (1933) (while the admission of attorneys to practice before the courts is the function of the judicial branch, proceedings to determine the admission of attorneys are administrative in nature, and the procedure established by the court to make such determinations may properly be vested in the bar examining committee).
Accordingly, the application is denied.
CALOGERO, C.J., JOHNSON and TRAYLOR, JJ., assign (additional) concurring reasons.
CALOGERO, C.J., JOHNSON and TRAYLOR, JJ., Concurring.
We most assuredly are correct in holding that the Louisiana Constitution does not require this court or any of its members to personally review or grade the bar examination papers of failed applicants. We write separately, and believe that we are expressing the sentiments of our court's majority, simply to mention an issue tangentially related to this litigation that is appropriate for future consideration by the court. A number of states apparently provide failing bar applicants with a post-examination opportunity to review either their failing papers or chosen "best" papers. Some states apparently allow applicants to compare their failing papers with the chosen "best" papers or with "model" answers. We expect that the court conference will in the near future reconsider the prevailing policy and consider adopting a limited post-examination review procedure.
NOTES
[*] Kimball, J., not on panel. Rule IV, Part 2, § 3.