Dear Judge Hansen:
We are in receipt of your request for an Attorney General's Opinion regarding the Public Records Act. You state that the Metropolitan Crime Commission of New Orleans has requested certain information from your office and you seek an opinion on the following questions:
 Please advise as to what in this request am I obligated to give the Metropolitan Crime Commission. In addition, since the Metropolitan Crime Commission is a non-profit corporation that does not pay income tax on their contributions, are they considered to be a taxpayer under the Public Records Act? If they are not to be considered a taxpayer, are we obliged to furnish this information to them?
 The Metropolitan Crime Commission has requested a copy of the Criminal District Court personnel telephone list, including all employees of all sections of court and all employees of the Judicial Administrator's Office and related support staff. They have also requested a listing of all employees of the Judicial Administrator's Office, Criminal District Court and related employees by name, position held and total salary broken down by monies received from the city, state, court general, section and total salary for 1999 and 2000, and a copy of each section of the court's budget for 1999 and 2000.
The Public Records Act is provided for in LSA-R.S. 44:1 et seq. In Attorney General Opinion No. 96-229, our office found that neither the Open Meetings Laws nor the Public Records Act applies to the judiciary. In that opinion we concluded that, "[t]he meetings of the district judges are not open meetings for the purposes of these statutes [R.S. 42:4.1 etseq] . . .". Our opinion "[t]hat the judiciary is not subject to the public records provisions" relied on the case of Imbornone v. Early,401 So.2d 953, 957 (La. 1981), which held:
 It is evident from a review of the above statute [R.S. 42:4.2] and of R.S. 42:4.1, which states the purpose of the requirement of open meetings, that the law is not intended to apply to the judiciary. This reasoning applies even when judges are acting in the performance of their rule making or administrative functions.
 We therefore conclude that the Legislature did not intend R.S. 42:4.1 through 42:12 to apply to actions of members of the judiciary in the appropriate exercise of their judicial function.
 Justice Dennis, in his dissent, fully discusses the doctrine of inherent judicial powers, stating:
 Under a working definition gleaned from the case law, inherent powers consist of all powers reasonably required to enable a court to perform efficiently its judicial functions, to protect its dignity, independence and integrity and to make its lawful actions effective.
 * * *
 Secondly, a court's inherent judicial power includes a measure of administrative authority not unlike that primarily and exclusively vested in the executive department, but only so much as is reasonably necessary to its own judicial function.
Id. at 958.
In the most recent case dealing with the doctrine of inherent judicial powers, In re Bar Exam Class Action, 99-2880 (La. 2/18/00),2000 WL 194823, *2 (La.), our Supreme Court stated:
 Moreover, courts have the inherent power to do all things reasonably necessary for the exercise of their functions as courts. This inherent power, . . . is a necessary concomitant to the judicial power, but pertains to the administration of the business of the courts.
 Functions of this court under the judicial power include both adjudicatory functions and administrative functions. (internal citations omitted).
 LSA-R.S. 44:1 defines a "public body" to include in general "[a]n entity to perform a governmental or proprietary function". The basic purpose of the Public Records Act is to implement the inherent right of the public to be reasonably informed as to what public records contain and to the manner, basis, and reasons upon which governmental affairs are conducted. Title Research Corp. v. Rausch, 433 So.2d 1105
(La.App. 1 Cir. 1983), writ granted, 440 So.2d 146, reversed on other grounds, 450 So.2d 933. Our constitution divides the powers of government into a legislative branch, executive branch and a judicial branch. LSA-Const. Art. II, Sec. 1 (1974). Our judicial branch of government exercises the "judicial power" of this State. LSA-Const. Art. V, Sec. 1 (1974).
Analogous to the reasoning in Imbornone, supra, we are of the opinion that the Legislature did not intend the Public Records Act, R.S. 44:1 etseq, to apply to the functions of the judiciary, and that the judiciary's inherent powers under the inherent powers doctrine includes both the adjudicatory functions and the administrative functions of the court. It appears to our office that the requested documents are part of the administrative functions of the Court, but we are of the opinion that only the Court can make such a determination.
Our response herein makes it unnecessary to answer your question as to the tax status of this "non-profit corporation" with regard to the Public Records Act. If we can be of further assistance herein, please advise.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 _________________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL