791 So.2d 630 (2001)
STATE of Louisiana
v.
Derek LANDRY and Quincy Brown.
State of Louisiana
v.
Quincy Brown.
Nos. 2001-KK-1223, 2001-KK-1641.
Supreme Court of Louisiana.
June 29, 2001.
PER CURIAM:
Granted. The record of the proceedings conducted in Section H of the Criminal District Court on January 26, 2001, shows clearly that the trial judge granted the state's motion to disqualify Stephen Singer as counsel pro hac vice for relator Quincy Brown solely on the basis of a prior ruling in Section D, Criminal District Court, disqualifying Singer as counsel pro hac vice for relator Derek Landry in his capital prosecution allotted to that section of court. The court in Section H otherwise expressed its opinion that Singer had rendered "exemplary" representation of relator Brown in his pending capital prosecution. Nevertheless, the court subsequently disqualified Singer as counsel pro hac vice for Brown in his pending prosecution for several non-capital offenses also allotted to Section H.
The ruling in Section D with respect to Singer's representation of relator Landry has been rendered moot by Landry's motion to dismiss his pending application in this Court on grounds that he has retained private counsel to represent him at trial. The Court has granted that motion and dismissed the application in 01-KK-1223 as to Landry only.
In view of this change in circumstances, the rulings in Section H disqualifying Singer as counsel pro hac vice for relator Brown in his capital and non-capital cases are vacated and this case is remanded to the trial court for reconsideration of Singer's status as Brown's trial counsel. The trial court may not grant the state's motion to disqualify Singer from *631 representing relator Brown in either of his cases allotted to Section H without providing the attorney with notice and with the opportunity of demonstrating that he remains "temporarily present in this state" for purposes of La.R.S. 37:214 and that he satisfies the level of professional competence and ethical responsibility expected of an attorney admitted to practice in Louisiana. See United States v. Collins, 920 F.2d 619, 626 (10th Cir.1990); Kirkland v. National Mortgage Network, Inc., 884 F.2d 1367, 1371 (11th Cir.1989).
VICTORY, TRAYLOR and KNOLL, JJ., would deny the writ.