*1018 ON APPLICATION FOR ADMISSION TO THE BAR
hPER CURIAM!
This matter arises from a petition by Stephen I. Singer for admission to the Louisiana bar. For the reasons that follow, we will conditionally admit petitioner to the practice of law in this state, subject to a probationary period of one year.
UNDERLYING FACTS
In the spring of 1999, petitioner moved from Colorado to Louisiana. In August 1999, petitioner, who was admitted to practice law in various jurisdictions but not in Louisiana,[1] accepted a two-year commitment to work with the Louisiana Crisis Assistance Center (“LCAC”), a non-profit organization that represents indigent persons facing the death penalty. At the time he accepted the offer, petitioner felt it was unclear whether he would remain in Louisiana.[2] Nonetheless, the record reflects that petitioner subsequently obtained a Louisiana driver’s license, registered to vote in Louisiana, and purchased immovable property in the city of New Orleans.
After associating with the LCAC, petitioner did not immediately apply to sit for the Louisiana bar examination. Instead, between August 1999 and August 2000, l2petitioner enrolled pro hac vice in eight cases in five different parishes.[3] On one occasion, a district court which had previously admitted petitioner on a pro hac vice basis disqualified him from further representation, stating that petitioner “has clearly been engaged in the unauthorized practice of law” because he “is not licensed to practice law in Louisiana and yet -has been engaged in the practice of law for the past several years on a number [of] cases within the State of Louisiana.” [4]
Subsequently, petitioner applied to take the Louisiana bar examination.[5] Based on concerns over petitioner’s pro hac vice appearances, the Committee on Bar Admis *1019 sions (“Committee”) declined to certify petitioner for admission. Upon petitioner’s application, we appointed a commissioner to take evidence and report to this court whether petitioner has the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana.
At the commissioner’s hearing, petitioner testified on his own behalf, called witnesses, and introduced evidence. At the conclusion of petitioner’s case, the Committee informed the commissioner that because the law on the propriety of petitioner’s pro hac vice appearances is unsettled, it would withdraw its opposition to petitioner’s application for admission. Based on the Committee’s withdrawal of its objection, the commissioner recommended to this court that petitioner be admitted to the practice of law.
[..¡The sole issue presented for our consideration is whether petitioner has demonstrated the requisite good moral character to be admitted to the practice of law in Louisiana.
DISCUSSION
The court has the exclusive and plenary power to define and regulate all facets of the practice of law, including the admission of attorneys to the bar. Bester v. Louisiana Supreme Court Comm. on Bar Admissions, 00-1360 (La.2/21/01), 779 So.2d 715. One of the requirements for admission to the bar set forth in Supreme Court Rule XVII, § 3(C) is that the applicant demonstrate “sound mind, good moral character and fitness to practice law....”
The primary purpose of character and fitness screening is to assure the protection of the public and safeguard the administration of justice. Supreme Court Rule XVII, § 5(A); In re: Dileo, 307 So.2d 362 (La.1975). The term “good moral character” includes, but is not limited to, the qualities of honesty, fairness, candor, trustworthiness, observances of fiduciary responsibility and of the laws of the State of Louisiana and of the United States of America, and a respect for the rights of other persons. Supreme Court Rule XVII, § 5(B). One of the specific factors to be considered in making a determination of good moral character and fitness is whether the applicant has engaged in the “commission of an act constituting the unauthorized practice of law.” Supreme Court Rule XVII, § 5(C)(6).
In refusing to certify petitioner for admission, the Committee was obviously concerned that the systematic and frequent nature of petitioner’s pro hac vice representations could rise to the level of the unauthorized practice of law. By contrast, petitioner asserts that as an out-of-state attorney “temporarily present” in this state who was acting in association with Louisiana-licensed counsel, he was properly ^entitled to pro hac vice status under La. R.S. 37:214,[6] and therefore did not engage in the unauthorized practice of law in Louisiana.
While we recognize the state of the law regarding pro hac vice representation is somewhat unclear,[7] it is difficult for us to *1020 conclude that petitioner, who held a Louisiana driver’s license, is registered to vote in Louisiana, and has purchased a home in New Orleans, could consider himself to be “temporarily present” in the state during the time he sought pro hac vice status. Moreover, even assuming petitioner complied with the letter of the law, we are also concerned that respondent’s frequent and systematic representation of clients in Louisiana violated the spirit of pro hac vice admission. See, e.g., Hanson v. Spolnik, 685 N.E.2d 71, n. 1 (Ind.App.1997) (“pro hac vice admission should only be occasionally permitted as a courtesy towards other state bars and not as a continuing practice to avoid membership in our bar or compliance with our disciplinary rules”).
Nonetheless, based on the evidence developed at the commissioner’s hearing, we conclude petitioner acted in good faith and in the sincere belief that he had complied with all applicable rules regarding pro hac vice admission. After he became aware of concerns regarding his representation, he applied to take the Louisiana bar examination. Under these circumstances, we cannot say petitioner’s actions demonstrate a lack of good moral character which would disqualify him fromj^admission to the bar of this state. Accordingly, we will admit petitioner on a conditional basis, subject to a one-year period of probation.
DECREE
After reviewing the evidence and considering the law, we conclude petitioner is eligible to be conditionally admitted to the practice of law in Louisiana, subject to a probationary period of one year. If petitioner commits any misconduct during the period of probation, his conditional right to practice may be terminated or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
CONDITIONAL ADMISSION GRANTED.

.' Petitioner is presently an active member in good standing of the bar of the District of Columbia, and an inactive member of the bars of the States of Pennsylvania, Wyoming, and Colorado.

. Petitioner's decision to relocate to Louisiana was based on his wife’s acceptance of a position as an associate professor at Tulane Law Scho.ol. Because she held this position on a one-year, renewable contract basis, petitioner contends he believed his future in Louisiana was somewhat uncertain.

. Six of the cases were capital cases, three pending in Orleans Parish and one each pending in Tangipahoa, Calcasieu, and St. John the Baptist Parishes. The two non-capital cases were pending in Jefferson and Orleans Parishes.

. Ultimately, the defendant retained private counsel, and the issue of petitioner's disqualification became moot. See State v. Landry, 01-1223, 01-1641 (La.6/29/01), 791 So.2d 630.

. Petitioner first applied to take the July 2000 exam. However, he did not take the July exam because one of the capital cases in which he was enrolled pro hac vice was scheduled for trial at the same time. Petitioner therefore requested that he be permitted to sit for the February 2001 exam. Petitioner took the February exam and conditionally *1019 failed it; he then passed the exam in July 2001.

. La. R.S. 37:214 provides, in pertinent part:
Except as provided in this Section, no person licensed or qualified to practice as an attorney at law or as an attorney and coun-sellor at law in any other state and temporarily present in this state shall practice law in this state, unless he has been first duly licensed to practice law by the supreme court of this state or unless he acts in association with some attorney duly licensed to practice law by the supreme court of this state.

. Because our focus in the instant case is on character and fitness for purposes of admission to the bar, nothing in this opinion should *1020 be construed as expressing views on the substantive law regarding pro hac vice representation. However, we recently granted an application to consider that issue. Williams v. City of New Orleans, 02-1127 (La.6/7/02), 818 So.2d 773.