1JOHNSON, Justice.
We granted this writ of certiorari to determine whether Bristol Baxley, an attorney licensed in the State of Texas, but who has litigated a number of cases in Louisiana courts, should be permitted to appear, via pro hac vice admission, in two Federal Employers’ Liability Act (“FELA”) cases, in association with Louisiana attorneys, pursuant to LSA-R.S. 37:214. The cases proceeded separately in the district court, but were consolidated for purposes of the appeal and this writ application. After reviewing the record in its entirety, we find that the record is insufficient to support the contention that Mr. Baxley has an active law practice in Louisiana, and | ^therefore, he is not a visiting attorney who is temporarily present in this state. For the reasons that follow, we remand this matter to the trial court for an evidentiary hearing to determine whether Mr. Baxley is a “visiting attorney” who is “temporarily present in this state” for the purposes of LSA-R.S. 37:214.
FACTS AND PROCEDURAL HISTORY
The City of New Orleans by and through the Public Belt Railroad Commission of the City of New Orleans (“NOPB”) filed a motion to disqualify Mr. Baxley from representing plaintiffs in two separate cases filed pursuant to the FELA in Civil District Court for the Parish of Orleans. One case is captioned “Robert Bo-denheimer versus New Orleans Public Belt and CSX Transportation, Inc.,” and the other is entitled “Brandon Williams versus New Orleans Public Belt.”
Bodenheimer and Williams are both railroad workers and members of the United States Transportation Union (“the Un *950 ion”). The Union, as part of its service to members, identifies certain law firms as designated legal counsel for its members. Mr. Baxley was associated with the Texas law firm of Youngsdahl, Sadin & Morgan, which had the status of designated legal counsel, and he apparently has some skill in litigating FELA claims. In both cases, the petitions were signed by James R. Dugan, II,[1] a Louisiana attorney, with Mr. Baxley named co-counsel.
In its motion to disqualify Mr. Baxley, NOPB alleged as follows:
Mr. Baxley is an attorney from the State of Texas who is not licensed to practice in the State of Louisiana. Mr. Baxley has not followed the proper procedure by which a visiting attorney can practice law in the State of Louisiana and therefore, Mr. Baxley should be disqualified from further representing [the plaintiffs] in these proceedings.
The Bodenheimer case was assigned to Judge Max Tobias’ division. At a hearing held on September 22, 2000, Judge Tobias granted NOPB’s request to |3disqualify Mr. Baxley in the Bodenheimer case, pending the filing of a proper request for Mr. Baxley to appear pro hac vice. Thereafter, Mr. Dugan filed a “Motion to Appear Pro Hac Vice,” seeking approval for Mr. Baxley to represent Bodenheimer as co-counsel. Two documents were attached to the motion, namely an affidavit executed by Mr. Baxley asserting that he has not had any disciplinary proceedings or criminal charges instituted against him, and a certificate of Mr. Baxley’s good standing from the State Bar of Texas. Based on that showing, Judge pro tempore Mickey Landry granted the motion and signed an ex parte order authorizing Mr. Baxley to represent Bodenheimer as co-counsel in association with Mr. Dugan.
In July 2000, Brandon Williams filed a FELA suit in the Civil District Court for the Parish of New Orleans, alleging that he suffered injuries in the course and scope of his employment with NOPB. Accompanying the petition was a Motion to Appear Pro Hac Vice, in which Mr. Dugan sought approval for Mr. Baxley to represent Williams as co-counsel. Attached to the motion were Mr. Baxley’s affidavit attesting that he had no disciplinary or criminal charges pending against him and a certificate of good standing from the State Bar of Texas. The Williams case was assigned to Judge Richard Ganucheau’s division. On September 27, 2000, Judge Ganucheau granted the motion and signed an ex parte order, authorizing Mr. Baxley to represent Williams as co-counsel in association with Mr. Dugan.
NOPB appealed the trial courts’ rulings in both cases. The court of appeal consolidated the appeals, converted them to supervisory writs, and granted the applications. Subsequently, the court of appeal concluded that the trial courts did not err in signing the orders allowing Mr. Baxley to appear pro hac vice. Williams v. City of New Orleans ex rel. Public Belt R.R. Com’n of City of New Orleans, 01-0088 c/w 01-0132 (La.App. 4 Cir. 3/27/02), 815 So.2d 311. By order dated June 7, 2002, this Court granted NOPB’s application for writ of certiorari. 02-1127 (La.6/7/02), 818 So.2d 773.
DISCUSSION

The Bodenheimer Case

Rather than requesting a stay of the trial court proceedings, NOPB elected to file an appeal, contesting the trial court’s ruling. Meanwhile, the Boden- *951 heimer case proceeded to trial on March 21, 2001. By the time the court of appeal converted the appeal to an application for supervisory writs and rendered its decision, the Bodenheimer case had been reduced to judgment. After this Court granted NOPB’s writ application, Boden-heimer filed a “Motion to Dismiss Writ as Moot,” alleging inter alia:
[[Image here]]
5.
NOPB’s writ application is based solely on the denial of its motion to disqualify Mr. Baxley. The only relief specifically requested by NOPB in its ... writ application to this Court is that the Fourth Circuit’s opinion be reversed, “thus precluding Mr. Baxley from being eligible to obtain ‘pro hac vice ’ status pursuant to La.R.S. 37:214 .... (footnote omitted).
6.
However, as of July 2001, as noted in NOPB’s writ application, Baxley left the Youngdahl firm and is no longer counsel for Mr. Bodenheimer. (footnote omitted).
7.
Furthermore, on August 16, 2001, the trial court signed an order removing Baxley as attorney for Plaintiff in the Bodenheimer case....
8.
Accordingly, NOPB’s motion to disqualify Bristol Baxley from further representing Plaintiff/Respondent Robert Bodenheimer is moot and its writ application in the Bodenheimer case should be dismissed as moot, (footnote omitted).
In State v. Landry, 01-1223, 01-1641 (La.6/29/01), 791 So.2d 630, the trial court granted the State’s motion to disqualify the defendant’s counsel as pro hoc vice. This Court held that the trial court’s ruling was rendered moot by the defendant’s motion to dismiss the pending writ application on the ground that the defendant had retained private counsel to represent him at trial.
Likewise, in this case, the writ application regarding Bodenheimer is rendered moot by the trial court’s order removing Mr. Baxley as Bodenheimer’s attorney. Accordingly, we grant Bodenheimer’s request to dismiss the writ application for certiorari, as it pertains to his case, as moot. Thus, we will proceed to determine whether the trial court was correct in allowing Mr. Baxley to appear pro hac vice in the Williams case.

The Williams case

In one assignment of error, NOPB maintains that the ex parte nature of the motion to enroll as pro hac vice counsel violates the requirements of a contradictory hearing under LSA-C.C.P. art. 963, which provides:
If the order applied for by written motion is one to which mover is clearly entitled without supporting proof, the court may grant the order ex parte and without hearing the adverse party.
If the order applied for by written motion is one to which the mover is not clearly entitled, or which requires supporting proof, the motion shall be served on and tried contradictorily with the adverse party.
The rule to show cause is a contradictory motion.
The court of appeal rejected NOPB’s argument, reasoning that since there is no statutory requirement for a visiting attorney to file a motion to appear pro hac vice, it follows that there is no requirement for a contradictory hearing.
*952 Although we agree that LSA-R.S. 37:214 does not expressly require a written | ^motion to appear pro hac vice, we cannot conclude that the statute does not require a visiting attorney to make any showing whatsoever. Under the court of appeal’s reasoning, an - out-of-state attorney may simply appear in any court in this state and participate in a case, without seeking the court’s approval. Indeed, if we follow that line of reasoning, the visiting attorney is not even required to advise the court that he is not licensed to practice law in this state.
LSA-R.S. 37:214 provides in pertinent part:
Except as provided in this Section, no person licensed or qualified to practice as an attorney at law or as an attorney and counsellor at law in any other state and temporarily present in this state shall practice law in this state, unless he has been first duly licensed to practice law by the supreme court of this state or unless he acts in association with some attorney duly licensed to practice law by the supreme court of this state.
The very language of the statute indicates that an attorney desiring pro hac vice admission must satisfactorily show that (1) he or she is licensed or qualified to practice law in another state; (2) he or she is temporarily present in this state; and (3) he or she acts in association with an attorney licensed in this state. However, the statute is silent regarding the procedure for such a showing. Therefore, because this court possesses the inherent authority to regulate the practice of law in this state,[2] and the statute is silent regarding the procedure to be taken by an out-of-state attorney who desires to be admitted to practice law pro hac vice in Louisiana courts, we will take this opportunity to provide some guidance on the issue.
It is argued that the current practice or “custom” that has developed in this state | ^regarding pro hac vice admissions is derived from the Federal Rules of Court. Local Rule 83.2.6W of the Uniform Local Rules of the United States District Courts for the Eastern, Middle, and Western Districts of Louisiana provides, in pertinent part:
Any member in good standing of the bar of any court of the United States or of the highest court of any state and who is ineligible to become a member of the bar of this court, may, upon written motion of counsel of record who is a member of the bar of this court, by ex parte order, be permitted to appear and participate as co-counsel in a particular case.
The motion must have attached to it a certificate by the presiding judge or clerk of the highest court of the state, or court of the United States, where he or she has been so admitted to practice, showing that the applicant attorney has been so admitted in such court, and that he or she is in good standing therein. The applicant attorney shall state under oath whether any disciplinary proceedings or criminal charges have been instituted against him or her, and if so, shall disclose full information about the proceeding or charges and the results thereof.
*953 An attorney thus permitted to appear may participate in a particular action or proceeding in all respects, except that all documents requiring signature of counsel for a party may not be signed solely by such attorney, but must bear the signature also of local counsel with whom he is associated.
Local counsel shall be responsible to the court at all stages of the proceedings.
Designation of the visiting attorney as “Trial Attorney” pursuant to [Local Civil Rule] 11.2[3] herein shall not relieve |sthe local counsel of the responsibilities imposed by this rule.[4]
[[Image here]]
We hereby adopt an interim measure to be effective until such time as this Court can fashion a rule outlining the proper procedure. Hence, we hold that in order for an out-of-state attorney to be admitted to practice law pro Hac vice in this state, the following steps must be taken:
(1) The out-of-state attorney must associate with counsel who is licensed to practice law in this state, pursuant to LSA-R.S. 37:214;
(2) The attorney licensed in this state must file a written ex parte motion requesting that the out-of-state attorney be admitted pro hac vice;
(3) The motion must have attached to it a certifícate by the highest licensing authority of the state where the applicant attorney has been admitted to practice, showing that the applicant attorney has been so admitted and that he or she is in good standing;
(4) The applicant attorney must state under oath whether any disciplinary proceedings or criminal charges have been instituted against him or her. If so, the applicant attorney must disclose full information about the proceedings or charges and the results thereof;
(5) The applicant attorney must state under oath whether he or she is temporarily present in this state, pursuant to LSA-R.S. 37:214;
(6) The written motion must be served on the opposing party.
 Thereafter, if the attorney is permitted to appear pro hac vice, he or she may participate in the specified action or proceeding in all respects. However, all 19documents requiring signature of counsel for a party may not be signed solely by the out-of-state attorney, but must bear the signature also of local counsel with whom he or she is associated. Moreover, local counsel shall be responsible to the court at all stages of the proceedings.
Once the visiting attorney, along with local counsel, completes the steps outlined above, an interested party may file a *954 motion to disqualify the visiting attorney on the basis that he or she is “not competent or ethically fit to practice,” or not “temporarily present” and may request a hearing on the matter. The visiting attorney would then be required to demonstrate that he or she “remains ‘temporarily present in this state’ and that he [or she] satisfies the level of professional competence and ethical responsibility expected of an attorney admitted to practice in Louisiana.” State v. Landry, 01-1223, 01-1641 (La.6/29/01), 791 So.2d 630, 631.
Any party desiring to seek review of the trial court’s decision may file an application for supervisory writs in the appropriate court of appeal. As the court of appeal in this case pointed out, an order granting a motion for a visiting attorney to appear pro hac vice is an interlocutory judgment, and therefore, is not appealable. LSA-C.C.P. art. 1841 provides:
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.
A judgment must be “final” to be appeal-able. See LSA-C.C.P. art.2083.
In this case, the parties have heretofore complied with the procedure outlined by this court today. Mr. Dugan filed an ex parte motion in the trial court, requesting | mpermission for Mr. Baxley to be admitted to enroll in the Williams case pro hac vice. Attached to the motion was a certificate of the Texas Supreme Court, showing that Mr. Baxley was admitted to practice law in that state and that he is in good standing. Also attached to the motion was Mr. Baxley’s affidavit in which he attested that no disciplinary proceedings or criminal charges had been instituted against him. The motion also stated that Mr. Baxley is not a resident of the State of Louisiana.
Thereafter, the trial court signed the ex parte order, allowing Mr. Baxley to enroll pro hac vice. NOPB appealed the ruling, contending that Mr. Baxley’s active practice of law in this state precludes him from being a “visiting attorney” who is “temporarily present in this state” as required by LSA-R.S. 37:214.[5] Mr. Baxley countered, arguing that the evidence clearly shows that he has complied with the statute by showing that he has been admitted to practice law in the State of Texas since November 1993; he is in good standing; he acted in association with Mr. Dugan, a Louisiana attorney who is in good standing; and his sole and primary place of residence is Texas.
The court of appeal found that since Mr. Baxley lives in Texas, he satisfies the requirement of being “temporarily present” in this state under LSA-R.S. 37:214. Our review of the record reveals that the only mention of Mr. Baxley’s residency is contained in the motions to appear pro hac vice, in which it is alleged that “Mr. Baxley certifies that he is not a resident of this State.”
*955 We find that the record is insufficient to support NOPB’s contention that Mr. Bax-ley is not a visiting attorney who is temporarily present in this state. Accordingly, In we reverse the court of appeal’s ruling and remand this matter to the trial court for an evidentiary hearing to determine whether Mr. Baxley is a “visiting attorney” who is “temporarily present in this state” for the purposes of LSA-R.S. 37:214.
REVERSED AND REMANDED.

. Mr. Dugan is associated with the Metairie law firm of Gauthier, Downing, LaBarre, Beiser & Dean, and he was admitted to the practice of law in Louisiana in 1997.

. The final authority to regulate the practice of law is vested in the Supreme Court, not in the Louisiana Legislature. Singer Hutner Levine Seeman & Stuart v. Louisiana State Bar Ass'n, 378 So.2d 423 (La.1979). This Court has exclusive and plenary power to define and regulate all facets of the practice of law, fil-eluding the admission of attorneys to the Bar. Bester v. La. Sup.Ct. Committee on Bar Admissions, 00-1360 (La.2/21/01), 779 So.2d 715; In Re Bar Exam Class Action, 99-2880 (La.2/18/00), 752 So.2d 159, 160; Succession of Wallace, 574 So.2d 348, 350 (La.1991).

. Local Civil Rule 11.2 provides:
If a law firm or more than one attorney represents a party, one attorney will be designated in the first pleading filed on behalf of that party as "Trial Attorney” or "T.A.” This attorney may, but need not, be the attorney who personally signs pleadings.
The designated trial attorney will be responsible for the case and all notices and other communications with respect to it will be directed to the designated trial attorney, or to local counsel in the event a visiting attorney is designated as trial attorney. The designation of the trial attorney may be changed at any time by ex parte motion. If a party desires to change the trial attorney, the new trial attorney will be promptly designated.

. The foregoing version of the rule is applicable in the Eastern and Middle Districts. In the Western District, an additional paragraph is included which relates to the payment of a fee and the taking of an oath by the applicant attorney.

. NOPB initially contended that Mr. Baxley has practiced in Louisiana in nearly one hundred (100) cases in the last three years. The record contains evidence that Mr. Baxley has been enrolled in at least twenty-four (24) cases Civil District Court of the Parish of Orleans from 1996 and 2000. During oral argument before this Court, counsel for Mr. Baxley maintained that Mr. Baxley has participated in approximately forty (40) cases in the state courts of this State over his entire career.