| .PER CURIAM.
In December 2004, Byron L. Saintsing, a member in good standing of the North Carolina bar, filed an application seeking pro hac vice admission in Louisiana to act as co-counsel with a Louisiana law firm representing Finova Capital Corporation (“Finova”) in the matter of Finova Capital Corporation v. Short’s Pharmacy, Inc. and Martha Womack, an appeal pending on the docket of the Court of Appeal, Second Circuit. In response to a question on the application inquiring about motions for pro hac vice admission filed in Louisiana within the preceding two years, Mr. Saintsing revealed that he has sought and obtained pro hac vice admission in connection with litigation involving Finova on twenty-four occasions between December 2002 and December 2004.
Pursuant to Supreme Court Rule XVII, § 13(A)(3)(ii), the Office of Disciplinary *1276 Counsel (“ODC”), on behalf of the Louisiana Attorney Disciplinary Board, filed an opposition to Mr. Saintsing’s application for admission pro hac vice. The ODC took the position that Mr. Saintsing has engaged in such frequent appearances in litigation pending in Louisiana so as to constitute “regular practice in this state,” in violation of Supreme Court Rule XVII, § 13(A) (3)(iii) (d).
In response, Mr. Saintsing indicated that he is regional counsel for Finova, a lease financing company, and handles litigation throughout the southeast United States involving Finova, its lessees, and a bankrupt entity known as Recomm, | astemming from the modification of a lease agreement by orders issued by the United States Bankruptcy Court for the Middle District of Florida. Mr. Saintsing suggested that he has developed substantial expertise in litigating these complex issues on behalf of Finova, necessitating his appearances in Finova’s numerous cases.
Subsequently, the court of appeal rendered an order granting Mr. Saintsing’s application for admission pro hac vice. The ODC now seeks review of that order.
This court has the exclusive and plenary power to define and regulate all facets of the practice of law, including the admission of attorneys to the bar. Bester v. Louisiana Supreme Court Comm. on Bar Admissions, 00-1360 (La.2/21/01), 779 So.2d 715. Following Williams v. City of New Orleans, 02-1127 (La.12/4/02), 831 So.2d 947, in which we recognized the absence of a formal pro hac vice admission procedure, we set forth requirements for such admissions in Supreme Court Rule XVII, § 13. Of particular relevance to the instant case is subsection (A)(3)(iii) of that rule, which provides:
The courts and agencies of this state have discretion as to whether to grant motions and applications for admission pro hac vice. A motion seeking pro hac vice admission ordinarily should be granted unless the court or agency finds reason to believe:
* * *
d. the applicant has .engaged in frequent appearances as to constitute regular practice in this state; ...
It is noteworthy ■ that Supreme Court Rule XVII, § 13, unlike the corresponding rules of some of our sister states, does not limit the number of pro hac vice appearances that can be made by an out-of-state attorney. Therefore, the determination of whether an out-of-state attorney has engaged in “frequent 1 ^appearances” in Louisiana must be made on a case-by-case basis after considering the totality of the circumstances.
The record reveals that Mr. Saints-ing has sought and obtained pro hac vice admission on twenty-four separate occasions in the two-year period prior to the instant application.[1] These admissions involved litigation pending in seventeen Louisiana parishes. While we recognize that these cases apparently have their genesis in the Florida bankruptcy order, the fact remains that the cases are separate and distinct, pending in different courts and involving different defendants.
In In re: Singer, 01-2776, p. 4 (La.6/12/02), 819 So.2d 1017, 1020, we explained that “pro hac vice admission should only be occasionally permitted as a courtesy towards other state bars and not as a continuing practice to avoid member *1277 ship in our bar ...” (quoting Hanson v. Spolnik, 685 N.E.2d 71, n. 1 (Ind.App.1997)). Taken as a whole, Mr. Saintsing’s numerous appearances in Louisiana over the last two years are indicative of a continuing practice in this state which has gone well beyond an occasional admission.
Accordingly, the writ is granted. The order granting Mr. Saintsing pro hac vice admission in this case is reversed.

. The admission form contained in the appendix to Supreme Court Rule XVII asks the applicant to provide information concerning pro hac vice admissions in this state within the preceding two years. Therefore, there is no information in the record concerning any such admissions Mr. Saintsing was granted prior to December 2002. .