Voto de conformidad emitido por el
Juez Asociado Señor Martínez Torres,
al cual se unieron la Juez Asociada Señora Rodríguez Rodríguez y los Jueces Asociados Se-ñores Kolthoff Caraballo, Rivera García y Feliberti Cintrón.
Estoy conforme con la Resolución del Tribunal. La Regla 12(f) de nuestro Reglamento, 4 LPRA Ap. XXI-B, no exige que un abogado, en una solicitud de admisión por cortesía, presente un certificado de cada uno de los foros a los que *1004 está admitido. Procede declarar con lugar la petición del Ledo. Keith Olin de ser admitido por cortesía en esta jurisdicción. Nadie debe ser penalizado por ataduras geo-gráficas indebidas en el proceso de admisión por cortesía de abogados de otras jurisdicciones. C.W. Wolfram, Modern Legal Ethics, St. Paul, Minnesota, West Publishing Co., 1986, pág. 865.
Según surge del expediente, el peticionario Keith Olin cumplió con los requisitos de nuestra Regla 12(f), supra. Esa regla exige, en lo pertinente, que el abogado solicitante presente un “certificado expedido por el más alto tribunal del estado en el cual la persona solicitante esté admitida al ejercicio de la profesión, haciendo constar el hecho de su admisión y que a la fecha del certificado se mantiene debi-damente acreditada”. En particular, el Ledo. Keith Olin presentó un certificado del estado de Florida en el que se acredita que es miembro de ese foro y que, a la fecha de su expedición, su membresía estaba vigente. Con la presenta-ción de ese certificado se cumplió con la Regla 12(f), id. Nuestro ordenamiento no requiere el ritualismo extremo de exigir que un abogado, en una solicitud de admisión por cortesía, presente un certificado de cada uno de los foros a los que está admitido.
El propósito de esa regla es que tengamos constancia de que ese abogado está admitido a la práctica de la abogacía en algún otro foro y que ha cumplido con sus obligaciones éticas en esa jurisdicción. Véase American Bar Association, Client Representation in the 21st Century: Report of the Commission on Multijurisdictional Practice, Estados Unidos, ABA, 2002, pág. 47 (“Ordinarily, the interests in protecting the client, the public and the court will be served where the court ascertains that the lawyer is admitted to practice elsewhere and has complied with professional obligations [...]”). (Énfasis suplido). Véase, además, State v. Brown, 515 P. 2d 1008 (1973). Ser miembro en “good standing” de alguna jurisdicción es suficiente para comprobar *1005 que esa persona ha cumplido con las obligaciones éticas en ese otro foro. Véanse, por ejemplo: Walter E. Heller Western, Inc. v. Superior Court, 111 Cal.App.3d 706 (1980); C. Ubanks, Can I Conduct This Case in Another State? A survey of State “Pro Hac Vice” Admission, 28 J. Legal Prof. 145, 147-148 (2003). De hecho, algunas cortes resuelven que los tribunales deben dar gran deferencia a los demás foros sobre la determinación de competencia y estatura moral que hicieron sobre el abogado que solicita admisión por cortesía. Véase, por ejemplo, Hahn v. Boeing Company, 621 P.2d 1263, 1266 (Wa. 1980) (“where an out-of-state attorney in good standing in the bar of his own state applies for temporary admission, chief reliance must be placed upon the competency and moral character determination made by the proper authorities in the attorney’s home state”). No tengo que abundar en cuanto a la importancia de esa norma de deferencia para un tribunal que se precie de ser fiel a los principios del federalismo y a la deferencia entre jurisdicciones estatales.
La preocupación que esbozó el compañero Juez Asociado Señor Estrella Martínez en Moylan, Ex parte, 190 DPR 646 (2014), sobre la protección que debemos darle a los ciuda-danos en nuestro Foro es muy legítima. Sin embargo, opino que la solución a su preocupación está contemplada en la Regla 12(f), supra. Un abogado que solicite la admisión por cortesía tiene que presentar una solicitud endosada por un abogado admitido al ejercicio de la profesión por este Tribunal, quien tiene que dar fe de la capacidad de esa persona solicitante para ejercer la profesión. Wolfram, op. tit., págs. 871-872. Es decir, un abogado de nuestro foro, cuyas capacidades morales e intelectuales ya evaluamos y sobre quien tenemos completa jurisdicción para disciplinar, se hace responsable ante nosotros sobre cualquier deficiencia en la capacidad profesional del abogado solicitante. Véanse: Williams v. City of New Orleans ex rel. Public Belt R.R. Com’n of City of New Orleans, 831 So.2d 947 (La. *1006 2002); Lefton v. City of Hattiesburg, Miss., 333 F.2d 280 (5to Cir. 1964). Además, el abogado de nuestro foro velará por que el abogado solicitante se comporte de acuerdo con nuestros estándares éticos. Véase American Bar Association, op. cit., pág. 24.
La Regla Modelo 5.5 de Conducta Profesional de la American Bar Association —Wolfram, op. cit., págs. 1143-1144— citada en el disenso del Juez Asociado Señor Estre-lla Martínez, tampoco exige, ni en su letra ni en su espí-ritu, que un abogado presente todos los certificados de los foros a los que pertenece. Y es que el propósito de esa regla no es regular cómo un abogado debe solicitar admisión por cortesía. Su propósito es establecer en qué momento un abogado que no está autorizado a ejercer en una jurisdic-ción en particular incurre sustantivamente en una práctica ilícita de la profesión legal. De hecho, lo que evaluamos en In re Wolper et al., 189 DPR 292 (2013), era si los abogados involucrados en el caso habían practicado la abogacía ile-galmente en Puerto Rico.
En el caso ante nuestra consideración, no hay duda de que bajo nuestro ordenamiento podemos autorizar al peticionario Keith Olin para el fin que solicita. Véase In re Michel Prüss, 189 DPR 763 (2013). Lo que este Tribunal debe analizar es si el abogado Keith Olin cumplió con el proceso para que le autoricemos a ejercer la abogacía en nuestro foro. Por lo tanto, es inaplicable la Regla Modelo 5.5 de Conducta Profesional, supra. Para considerar si el peticionario cumplió con el proceso, tenemos que acudir al texto que regula ese tema en nuestra jurisdicción: la Regla 12(f) del Reglamento del Tribunal Supremo, supra.
En conclusión, reafirmo mi conformidad con admitir al peticionario Keith Olin porque presentó un certificado del estado de Florida, en el que acredita que está admitido a la abogacía y que goza de “good standing” en esa jurisdicción, y porque una abogada de esta jurisdicción, la Leda. Heidi L. Rodríguez, se comprometió a responder ante nosotros en *1007 caso de cualquier problema ético que involucre a los peticionarios. Williams v. City of New Orleans ex rel. Public Belt R.R. Com’n of City of New Orleans, supra.