

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Alam M. Wolper; Nathan Lamb;<br>Adam Tullier | 2013 TSPR 86<br><br>189 DPR ____ |

Número del Caso: MC-2012-24

Fecha: 2 de agosto de 2013

Abogado de la parte Querellante:

        Lcdo. Harold Vicente Colón

Abogado de la Parte Querellada:

        Lcdo. Roberto C. Quiñones Rivera
        Lcda. Yahaira de la Rosa Algarín
        Lcdo. Guillermo Figueroa Prieto
        Lcda. Leslie Flores

Oficina de la Procuradora General:

        Lcda. Margarita Mercado Echegaray
        Procuradora General

        Lcda. Karla Z. Pacheco Álvarez
        Sub Procuradora General

        Lcda. Carmen Riera Cintrón
        Procuradora General Auxiliar

Materia: Contratación de abogados admitidos a ejercer la abogacía en jurisdicciones de los Estados Unidos deben solicitar admisión por cortesía al amparo de la Regla 12(F) del Reglamento del Tribunal Supremo.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Alam M. Wolper; Nathan Lamb;          MC-2012-024
Adam Tullier

PER CURIAM

San Juan, Puerto Rico, a 2 de agosto de 2013.

En esta ocasión tenemos la oportunidad de expresarnos sobre la contratación de abogados admitidos a ejercer la profesión de la abogacía en jurisdicciones de los Estados Unidos como representantes legales en procedimientos de arbitraje en Puerto Rico. Por los fundamentos esbozados a continuación, concluimos que en estas situaciones los abogados deben solicitar admisión por cortesía al amparo de la Regla 12(f) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-B.

I.

El Sr. Francisco De Torres presentó una queja ante este Tribunal contra los Lcdos. Alan M. Wolper, Nathan Lamb y Adam Tullier, todos abogados admitidos

en el estado de Illinois. Adujo que estos representaban a Popular Securities, Inc. (Popular Securities) en un procedimiento de arbitraje en su contra ante la *Financial Industry Regulatory Authority* (en adelante, "FINRA") sin estar debidamente admitidos o autorizados a ejercer la práctica de la abogacía en esta jurisdicción ni tampoco haber solicitado admisión por cortesía. El arbitraje se está ventilando en Puerto Rico al amparo de las leyes de nuestro ordenamiento, según se pactó en el contrato de empleo entre el señor De Torres y Popular Securities. El quejoso solicitó que se les prohibiera el ejercicio de la abogacía en Puerto Rico.

Examinada la Queja, se concedió un término a los letrados para comparecer y exponer su posición. Estos comparecieron oportunamente y alegaron, entre otras cosas, que lo dispuesto sobre la práctica ilegal de la profesión de la abogacía en la Ley Núm. 17 de 10 de junio de 1939, 4 L.P.R.A. sec. 740, no es de aplicación a procedimientos de arbitraje ante FINRA, por ser esta una entidad auto regulada; no un foro judicial. Adujeron también que es usual la práctica de que las firmas de corretaje localizadas en Puerto Rico sean representadas ante FINRA por abogados de otras jurisdicciones de los Estados Unidos. Con relación a un documento publicado por FINRA en el cual se mencionan varios estados que prohíben que un abogado de otro estado participe en un procedimiento de arbitraje ante FINRA sin previa autorización ("Notice to Attorneys and Parties Represented by

Out-of-State Attorneys"), entienden que en Puerto Rico no hay tal procedimiento de solicitud previa.[1]

Luego, el señor De Torres reiteró sus planteamientos iniciales, por lo que los querellados presentaron una breve dúplica. El 5 de noviembre de 2012, se refirió el asunto a la Oficina de la Procuradora General para la investigación correspondiente. Oportunamente, la Procuradora General presentó su Informe. En el mismo esboza, tras analizar los pronunciamientos jurisprudenciales de este Tribunal en torno a la controversia, que "las personas no admitidas al ejercicio de la profesión por este Honorable Tribunal, o suspendidas del ejercicio de la profesión en esta jurisdicción no pueden efectuar ninguna gestión propia del ejercicio de la profesión legal, aunque se trate de gestiones fuera del foro judicial o cuasi judicial". Informe de la Procuradora General, pág. 10. Acto seguido, estudia el Reglamento aplicable al procedimiento de arbitraje en controversia, el *Code of Arbitration Procedures for Industry Disputes* de FINRA,[2] del cual se desprende que cualquier abogado admitido en cualquier jurisdicción, territorio o posesión de los Estados Unidos puede comparecer ante esta entidad en un procedimiento de arbitraje, siempre y cuando la ley de la jurisdicción en la cual se celebre el procedimiento

---

[1] Financial Industry Regulatory Authority, Notice to Attorneys and Parties Represented by Out-of-State Attorneys. http://www.finra.org/arbitrationandmediation/arbitration/rule s/ruleguidance/noticestoparties/p124002 (última visita, 24 de julio de 2013)

[2] Financial Industry Regulatory Authority, Code of Arbitration Procedures for Industry Disputes, http://finra.complinet.com/en/display/display_main.html?rbid= 2403&element_id=4193 (última visita, 24 de julio de 2013).

no lo prohíba. Además, examina la Regla 12(f) del Reglamento de este Tribunal, *supra*, referente a la admisión por cortesía y la Regla 5.5 de las Reglas Modelo de la *American Bar Association* sobre la práctica multi-jurisdiccional de la abogacía. ABA, MRPC, Rule 5.5.

Al analizar en conjunto todas estas normas, la Procuradora General concluye que los letrados están ejerciendo la profesión legal en Puerto Rico sin estar debidamente autorizados para ello. No obstante, dado que nuestro poder disciplinario se extiende únicamente a los abogados admitidos en esta jurisdicción, recomienda referirlos al Secretario de Justicia por práctica ilegal de la profesión o al foro máximo del estado de Illinois. Tras los letrados solicitar un término para replicar al Informe de la Procuradora, le concedimos diez (10) días a esos efectos. Oportunamente estos comparecieron ante nos. En esencia reiteran sus argumentos iniciales sobre que no están ejerciendo ilegalmente la profesión pues nuestra jurisdicción no requiere expresamente una admisión por cortesía para el tipo de procedimiento en cuestión. Exponen que cualquier directriz a esos efectos debe ser prospectiva.

Examinado con detenimiento el expediente del caso, el Informe de la Procuradora General y la réplica de los abogados, procedemos a expresarnos sobre si comparecer ante un procedimiento de arbitraje en Puerto Rico constituye ejercicio de la profesión legal y, de ser así, si los letrados ejercieron indebidamente la profesión legal en nuestra jurisdicción.

II.

*A.   Procedimientos ante FINRA y sus Reglamentos*

FINRA es un organismo independiente que regula la industria de valores que opera en los Estados Unidos.[3] El organismo también funge como un foro de resolución de conflictos de la industria.[4] El arbitraje, uno de los procedimientos de resolución de disputas en FINRA, se rige por los reglamentos aprobados por la propia entidad.[5] El reglamento aplicable depende del tipo de disputa a someterse al arbitraje.

Según surge de las comparecencias de las partes, la disputa sometida a arbitraje relacionada con esta queja es entre miembros de la industria de valores, por lo que es aplicable el *Code of Arbitration Procedures for Industry Disputes*.[6] La Sec. 13208 sobre *Representation of Parties*, *supra*, establece que:

**(a)   Representation by a Party**

---

[3] Financial Industry Regulatory Authority, <u>About the Financial Industry Regulatory Authority</u>, http://www.finra.org/AboutFINRA/ (última visita, 24 de julio de 2013).

[4] Financial Industry Regulatory Authority, <u>FINRA Dispute Resolution</u>,http://www.finra.org/ArbitrationAndMediation/FINRADisputeResolution/ (última visita, 24 de julio de 2013).

[5] Financial Industry Regulatory Authority, <u>Arbitration and Mediation</u>, http://www.finra.org/ArbitrationAndMediation/Arbitration/Overview/ (última visita, 24 de julio de 2013).

[6] Financial Industry Regulatory Authority, <u>Code of Arbitration for Industry Disputes</u>, http://finra.complinet.com/en/display/display_main.html?rbid=2403&element_id=4193 (última visita, 24 de julio de 2013).

Parties may represent themselves in an arbitration held in a United States hearing location. A member of a partnership may represent the partnership; and a bona fide officer of a corporation, trust, or association may represent the corporation, trust, or association.

**(b)   Representation by an Attorney**

At any stage of an arbitration proceeding held in a United States hearing location, all parties shall have the right to be represented by an attorney at law in good standing and admitted to practice before the Supreme Court of the United States or the highest court of any state of the United States, the District of Columbia, or any commonwealth, territory, or possession of the United States, **unless state law prohibits such representation**.

**(c)   Representation by Others**

Parties may be represented in arbitration by a person who is not an attorney, unless:

- state law prohibits such representation, or
- the person is currently suspended or barred from the securities industry in any capacity, or
- the person is currently suspended from the practice of law or disbarred.

**(d)  Qualifications of Representative**

Issues regarding the qualifications of a person to represent a party in arbitration are governed by applicable law and may be determined by an appropriate court or other regulatory agency. In the absence of a court order, the arbitration proceeding shall not be stayed or otherwise delayed pending resolution of such issues. (Énfasis suplido).

De acuerdo a esta disposición, cualquier abogado admitido en alguna jurisdicción, territorio o posesión de los Estados Unidos puede comparecer ante FINRA a un procedimiento de arbitraje, **siempre y cuando la ley de la jurisdicción en la cual se celebrará el procedimiento no lo prohíba**. La regla

también prohíbe que un abogado desaforado comparezca en representación de una parte. Es evidente, pues, que un abogado tiene que determinar si las leyes de la jurisdicción en donde se ventilará dicho procedimiento, autorizan o prohíben la representación legal por parte de abogados no admitidos en dicha jurisdicción, previo a comparecer como representante legal de una parte en un proceso de arbitraje. Tanto es así que FINRA emitió un *Notice to Attorneys and Parties Represented by Out-of-State Attorneys*, *supra*, en donde se mencionan varios estados, incluyendo Illinois- jurisdicción en la cual los abogados querellados están admitidos- que prohíben que un abogado de otro estado participe en un procedimiento de arbitraje sin previa autorización. Más aun, en el referido documento se advierte que "[e]ach state has the right to determine whether representation by an out-of-state attorney in FINRA's forum violates the state's unauthorized practice of law provisions. FINRA has no rule on out-of-state practice, so any attorney practice issues must be addressed to the appropriate jurisdiction for resolution". Íd., n. 1.

Por tal razón, debemos examinar si en nuestro ordenamiento un abogado no admitido a la profesión puede comparecer en representación de una parte en un procedimiento de arbitraje.

B. *Ejercicio de la profesión legal en Puerto Rico*

El Tribunal Supremo de Puerto Rico es el foro con el poder inherente y exclusivo para admitir abogados a la práctica de la profesión. In re Peña Peña, 153 D.P.R. 642,

649 (2001). En virtud de esta facultad, aprobamos el Reglamento de la Junta Examinadora de Aspirantes al Ejercicio de la Abogacía, 4 L.P.R.A. Ap. VII-B, para regular el ejercicio de la profesión y proteger a la ciudadanía de personas no aptas para ejercerla. En el mismo, encontramos los requisitos mínimos que un aspirante a ejercer la profesión legal en la Isla debe cumplir. Íd. Por su parte, la Regla 12 del Reglamento del Tribunal Supremo, *supra*, contempla varias situaciones en las cuales se autoriza a un abogado a ejercer la profesión legal en Puerto Rico: (1) la admisión mediante examen, (2) la admisión por cortesía y (3) el ejercicio de la profesión por estudiantes de Derecho.

Pertinente a esta controversia, la Regla 12(f) de este Tribunal, *supra*, regula la admisión por cortesía. La misma dispone que:

> [c]ualquier persona admitida al ejercicio de la abogacía en un estado o territorio de Estados Unidos de América o en el Distrito de Columbia podrá ser autorizada por cortesía por este tribunal para postular como abogado o abogada en Puerto Rico en casos especiales.

> La solicitud deberá ser endosada por un abogado admitido o una abogada admitida al ejercicio de su profesión por este tribunal, quien dará fe de la capacidad de la persona solicitante para postular como abogado o abogada en el caso correspondiente. Deberá unirse a la solicitud un certificado expedido por el más alto tribunal del estado en el cual la persona solicitante esté admitida al ejercicio de la profesión, haciendo constar el hecho de su admisión y que a la fecha del certificado se mantiene debidamente acreditada. La solicitud debe estar acompañada de sellos de rentas internas por un valor de cuatrocientos dólares ($400), salvo que el tribunal autorice una dispensa por justa causa. Tanto la persona solicitante como el abogado o la abogada que endose su solicitud, deberán hacer constar que la primera domina el español. De lo contrario, la autorización que expida este tribunal exigirá que la persona

solitante postule acompañada por un abogado o una abogada del foro puertorriqueño que domine tanto el español como el inglés.

Esta disposición es aplicable a cualquier abogado que, aunque no esté admitido en nuestra jurisdicción, sí lo está en uno de los estados, territorios de los Estados Unidos, o en el Distrito de Columbia e interesa postular en Puerto Rico.

Por su parte, la Sec. 7 de la Ley Núm. 17, *supra*, dispone que:

> [n]inguna persona que no sea abogado autorizado por el Tribunal Supremo de Puerto Rico podrá dedicarse al ejercicio de la profesión de abogado, ni anunciarse como tal, ni como agente judicial, ni gestionar, con excepción de sus asuntos propios, ningún asunto judicial o cuasi judicial ante cualquier tribunal judicial; Disponiéndose, que la infracción de cualquiera de las disposiciones contenidas en esta sección, se considerará y castigará como un delito menos grave; Disponiéndose, además, que se considerará como malpractice y como causa suficiente para desaforo el hecho de cualquier abogado autorizar con su firma escrituras, alegaciones y documentos en que dicho abogado no sea bona fide el verdadero abogado o notario del asunto o sustituto de dicho abogado o notario; y disponiéndose, también, que los fiscales tendrán el deber de investigar las infracciones de esta sección, y en caso de que encontraren justa causa, podrán solicitar del Tribunal Supremo el desaforo temporal o permanente de cualquier abogado o notario que hubiere infringido las anteriores disposiciones.

Así pues, en <u>In re Gervitz Carbonell</u>, 162 D.P.R. 665, 701-702 (2004), establecimos que la práctica legal fuera de las instancias establecidas en la Regla 12 del Reglamento de este Tribunal constituye práctica ilegal de la profesión. Además, entendimos que la Sec. 7 de la Ley Núm. 17 prohíbe, no tan solo la práctica ilegal de la profesión mediante comparecencias ante foros judiciales, sino que también prohíbe otro tipo de actuaciones, tales como, identificarse y

representar ser abogado ante clientes potenciales. Íd., pág. 702. En ese caso, también hicimos referencia al Canon 33 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX,[7] y señalamos que este, entre otras cosas, prohíbe que un abogado no admitido en nuestra jurisdicción suministre consejo legal a los clientes de un abogado **aunque se trate de un asunto fuera de los tribunales**. Íd., pág. 701. Además, hemos reiterado en múltiples ocasiones que constituye práctica ilegal de la profesión el ejercer la misma, estando sujeto a una suspensión como medida disciplinaria. In re Gordon Menéndez, 171 D.P.R. 210, 215 (2007)(acompañar a un sospechoso a un cuartel de la Policía e identificarse con el carnet del Colegio de Abogados estando suspendido); In re López de

---

[7] El Canon 33 dispone que:

> [t]anto en su propia oficina como fuera de ésta el abogado tiene la obligación de evitar la práctica ilegal de la abogacía o la notaría por personas no autorizadas para ello. Será impropio de un abogado el permitir o facilitar a una persona o entidad que no esté autorizada a ejercer la abogacía o el notariado que cobre total o parcialmente por los servicios profesionales o notariales prestados por el abogado.

> También es indebido que un abogado o firma legal permita que personas no autorizadas a ejercer la profesión de abogado o notario en Puerto Rico suministren cualquier clase de consejo legal a clientes del abogado o de la firma legal aun cuando para ello dichas personas no tengan que comparecer a los tribunales. Esto no impide que el abogado o la firma legal se asesore con una persona no autorizada a ejercer la abogacía en Puerto Rico para prestar un mejor servicio a su cliente.

> Será impropio de un abogado el unirse en sociedad con una persona que no ha sido autorizada a ejercer la abogacía o la notaría cuando cualquiera de las actividades de la sociedad envuelva la práctica de la abogacía o la notaría. 4 L.P.R.A. Ap. IX.

Victoria Bras, 177 D.P.R. 888, 891 (2010)(presentar un escrito al Tribunal de Primera Instancia estando suspendido); In re Añeses, 117 D.P.R. 134 (1986)(postular ante una agencia administrativa estando suspendido).

*C. Procedimientos de arbitraje*

El aumento en el uso de métodos alternos de resolución de conflictos, como el arbitraje, ha generado un debate en torno a la práctica multi-jurisdiccional de la profesión legal. D. Ryan Nayar, Unauthorized Practice of Law in Private Arbitral Proceedings: A Jurisdictional Survey, 6 Journal of American Arbitration 1, 2 (2007). En esencia, se discute si representar a un cliente en un procedimiento de arbitraje debe ser considerado ejercicio de la abogacía y, por ende, estar sujeto a regulación por las diferentes jurisdicciones. Aunque el debate ha generado posiciones encontradas, el asunto ha sido resuelto por muchos estados mediante legislación. D. Spector y J. Romero, Arbitration and The Unauthorized Practice of Law, XIII-1 ARIAS Q. U.S. 16-19 (2006).

Como punto de partida y a modo de referencia, la Regla 5.5 sobre práctica no autorizada de la profesión y práctica multi-jurisdiccional de las Reglas Modelos de Conducta Profesional de la *American Bar Association* establece, en lo pertinente, que:

> (a) A lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction, or assist another in doing so.
>
> […]

(c) A lawyer admitted in another United States jurisdiction, and not disbarred or suspended from practice in any jurisdiction, may provide legal services on a temporary basis in this jurisdiction that:

[…]

(3) are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice and are not services for which the forum requires pro hac vice admission … ABA, MRPC, Rule 5.5.

Del texto se desprende que los estados pueden, como parte de su poder inherente de regular la profesión, requerir algún tipo de autorización previa para que un abogado de otra jurisdicción pueda comparecer a un procedimiento de arbitraje. Esto es confirmado por el comentario a dicha regla el cual dispone que:

Paragraph (c)(3) permits a lawyer admitted to practice law in another jurisdiction to perform services on a temporary basis in this jurisdiction if those services are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction, if the services arise out of or are reasonably related to the lawyer's practice in a jurisdiction in which the lawyer is admitted to practice. **The lawyer, however, must obtain admission pro hac vice in the case of a court annexed arbitration or mediation or otherwise if court rules or law so require**. ABA, An. MRPC, Rule 5.5 (Énfasis suplido).

Un examen de diferentes jurisdicciones revela que varios estados requieren algún tipo de autorización para los abogados que no están admitidos y desean comparecer a representar a un cliente en un procedimiento de arbitraje. D. Spector y J. Romero, *supra.* Esto es así, por mencionar

algunos, en Arizona, California, Florida y Ohio. D. Spector y J. Romero, *supra.* En específico, el estado de Florida requiere que abogados no admitidos al foro sometan un documento ante el Colegio de Abogados de Florida y paguen $250 para poder comparecer en procedimientos de arbitraje. Fl. St. Bar Rule 1-3.11(e). Incluso, las comparecencias están limitadas a tres (3) casos de arbitraje al año. Íd. 1-3.11(d). Por su parte, California requiere, entre otras cosas, presentar una certificación sometiéndose a los estándares de conducta profesional del estado, el pago de una cuota especial y la autorización del árbitro o del foro de arbitraje. Ca. St. Rules Of State Bar, Rule 3.380.

En fin,

> [m]any states have adopted rules, or are in the process of adopting rules, that permit out-of-state lawyers to conduct an arbitration when the proceedings arise out of the lawyer's home-state practice. But even when such a practice is permitted, many states impose additional requirements on out-of-state lawyers, such as filing for admission *pro hac vice*, or filing a statement or certificate with some state organization. D. Spector y J. Romero, *supra*, pág. 16.

III.

En el caso de epígrafe, los letrados arguyen que en Puerto Rico no existe un requisito especial de licencia o registro para que abogados no autorizados a ejercer en Puerto Rico puedan participar en un procedimiento de arbitraje ante FINRA. Ciertamente, nuestro ordenamiento no contempla requisitos específicamente diseñados para los abogados que deseen representar a una parte en un procedimiento de arbitraje ante FINRA. No obstante, en nuestra jurisdicción sí

se prohíbe el ejercicio de la profesión de la abogacía por parte de personas no autorizadas por este Tribunal. Más aun, como mencionado anteriormente, esta prohibición no se limita a las comparecencias en los foros judiciales y cuasi-judiciales. Hemos sido enfáticos en que para poder ejercer la práctica en esta jurisdicción, se requiere autorización de este Tribunal, ya sea mediante admisión por examen de reválida, admisión de estudiantes de derecho o admisión por cortesía para casos especiales.

Por tal razón, y en virtud de nuestro poder inherente de regular el ejercicio de la profesión en Puerto Rico, aclaramos que cualquier abogado no admitido en nuestra jurisdicción que desee comparecer en representación de una parte en un procedimiento de arbitraje debe solicitar la admisión por cortesía, según dispuesto en la Regla 12(f) del Reglamento del Tribunal Supremo, *supra*. Dichas solicitudes se tramitan de forma expedita por este Tribunal, por lo que, salvo situaciones extraordinarias, este requisito no debe atrasar ni entorpecer los procedimientos de arbitraje celebrados en la Isla. Los abogados que comparezcan ante un procedimiento de arbitraje en esta jurisdicción sin la debida autorización serán referidos al Secretario de Justicia y al máximo foro de la jurisdicción en donde sí están admitidos para que estos tomen las acciones pertinentes.

IV.

En vista de que es la primera vez que nos expresamos sobre este particular, aplicaremos prospectivamente la norma

aquí pautada. <u>In re Andreu Rivera</u>, 149 D.P.R. 820 (1999). Por ello, no referiremos a los licenciados Wolper, Lamb y Tullier al trámite penal ni disciplinario. No obstante, para poder continuar representando a Popular Securities en el procedimiento de arbitraje ante FINRA, estos deberán solicitar admisión por cortesía al amparo de la Regla 12(f) de nuestro Reglamento, *supra*. Se advierte a los abogados no admitidos al ejercicio de la abogacía en Puerto Rico que actualmente participan de este tipo de procedimientos sin autorización de este Tribunal que, a partir de la certificación de esta Opinión, deben tramitar la admisión por cortesía para poder continuar con sus labores en el foro. No vacilaremos en referir al Secretario de Justicia y a la jurisdicción pertinente a los letrados que no cumplan con este mandato.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:



Alam M. Wolper                          MC-2012-024
Nathan Lamb
Adam Tullier







                          SENTENCIA

San Juan, Puerto Rico, a 2 de agosto de 2013.

     Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, no referiremos a los licenciados Wolper, Lamb y Tullier al trámite penal ni disciplinario. No obstante, para poder continuar representando a Popular Securities en el procedimiento de arbitraje ante FINRA, estos deberán solicitar admisión por cortesía al amparo de la Regla 12(f) de nuestro Reglamento, 4 L.P.R.A. Ap. XXI-B. Se advierte a los abogados no admitidos al ejercicio de la abogacía en Puerto Rico que actualmente participan de este tipo de procedimientos sin autorización de este Tribunal que, a partir de la certificación de esta Opinión, deben tramitar la admisión por cortesía para poder continuar con sus labores en el foro. No vacilaremos en referir al Secretario de Justicia y a la jurisdicción pertinente a los letrados que no cumplan con este mandato.

     Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez "concurre con el análisis expuesto en la Opinión *Per Curiam* con respecto a la aplicabilidad de la Regla 12(f) como mecanismo para permitir a abogados admitidos a ejercer la profesión

de la abogacía en otras jurisdicciones de los Estados Unidos  como representantes legales en procedimientos de arbitraje en Puerto Rico.  Sin embargo, debido a la demora injustificada de los querellados ante nosotros en solicitar su admisión por cortesía o *pro hac vice* y en efecto ejercer la práctica ilegal de la abogacía en Puerto Rico desde junio  de 2011, referiría inmediatamente las querellas al Secretario de Justicia de Puerto Rico y a la Corte Suprema del Estado de Illinois para que lleven a cabo las acciones correspondientes.

Adviértase que, según exponen los propios querellados en su *Réplica a Informe de la Procuradora General*, éstos participan y/o han participado como representantes en procedimientos de arbitraje, y por lo tanto han ejercido la práctica ilegal de la abogacía en Puerto Rico, en diecinueve (19) casos ante el Financial Industry Regulatory Authority (FINRA.  Por la cantidad de casos se denota que la actuación de los abogados ante nosotros no es aleatoria, accidentada o temporal.  Ello exige, a mi juicio, que este Tribunal en Pleno revise y modifique la Regla 12(f) de su Reglamento para garantizar que ningún bufete o abogado practicante utilice este mecanismo de forma inadecuada y logre circunvenir las limitaciones a la práctica de la abogacía por cortesía en Puerto Rico por abogados autorizados a ejercer la profesión en otras jurisdicciones".


                                    Aida I. Oquendo Graulau
                                    Secretaria del Tribunal Supremo