EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:  Lorenz Michel Prüss | 2013 TSPR 126  189 DPR ____ |
|---|---|

Número del Caso: MC-2013-52

Fecha: 1ro de noviembre de 2013

Abogado del Peticionario:

Lcdo. Carlos Romero Barceló

Materia: Resolución del Tribunal con Votos (Admisión por Cortesía)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Lorenz Michel Prüss | MC-2013-0052 |

RESOLUCIÓN

En San Juan, Puerto Rico, a 1 de noviembre de 2013.

Examinada la *Moción en Auxilio Urgente*, así como la *Solicitud de Admisión por Cortesía*, se provee ha lugar, condicionado a que el peticionario nos informe el caso específico en el cual va a postular ante el *Financial Industry Regulatory Authority*. De postular en más de una querella, el peticionario deberá cancelar los correspondientes Sellos de Rentas Internas.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Pabón Charneco emitió un Voto Particular de Conformidad al que se unen el Juez Asociado señor Martínez Torres, el Juez Asociado señor Feliberti Cintrón y el Juez Asociado señor Estrella Martínez. El Juez Presidente señor Hernández Denton emitió un Voto Particular Disidente al que se le unen la Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez. El Juez Asociado señor Kolthoff Caraballo no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Lorenz Michel Prüss | MC-2013-0052 | |

Voto Particular de Conformidad emitido por la Jueza Asociada señora Pabón Charneco al que se le unen el Juez Asociado señor Martínez Torres, el Juez Asociado señor Feliberti Cintrón y el Juez Asociado señor Estrella Martínez.

En San Juan, Puerto Rico, a 1 de noviembre de 2013.

Estoy conforme con la Resolución que sobre el caso de epígrafe emitieramos durante el día de hoy. Además de ser una decisión cónsona con nuestra reglamentación, permite la admisión *pro hac vice* de un abogado, condicionada a que este nos informe el caso específico en el cual va a postular ante una agencia reguladora.

Sin embargo, en aras de atender algunos de los planteamientos contenidos en el Voto Particular Disidente que emite el Juez Presidente, señor Hernández Denton, me veo obligada a emitir estas breves expresiones.

I

En el Voto Particular Disidente se concluye que la Resolución que hoy proveemos Ha Lugar va a convertirse en un subterfugio para la práctica de la profesión en nuestra jurisdicción. Se aduce que esto va a permitir la admisión

de abogados que no han aprobado el Examen de Reválida General y que no cumplen con los requisitos de carácter y reputación necesarios para admisión. Discrepamos de estas expresiones.

El peticionario nos ha solicitado que le otorguemos una admisión *pro hac vice* a nuestra jurisdicción. Particularmente, con el propósito de entrevistar, contratar y presentar Querellas ante el *Financial Industry Regulatory Authority* (FINRA) y litigar en los eventuales procedimientos de arbitraje. Esto ante la particularidad de los Reclamos de Bonos que se están suscitando por los problemas que enfrenta el mercado de valores.

A tenor con esta solicitud, el peticionario cumplió satisfactoriamente con todas las exigencias de nuestra Regla 12(f), 4 L.P.R.A. Ap. XXI-B, de Admisión por Cortesía. Así las cosas, no vislumbro cómo hubiese sido diferente con el curso de acción sugerido por el Juez Presidente. Otorgarle quince (15) días al peticionario para que informe el caso o los casos que presentará ante la agencia reguladora, en nada cambia el hecho de que este ha cumplido con los requisitos exigidos por nuestra reglamentación. Además, como señalamos anteriormente, en esta Resolución hemos ordenado que el peticionario nos debe informar el caso o los casos en los cuales postularía ante FINRA. En caso de ser más de una Querella, deberá cancelar los correspondientes Sellos de Rentas Internas.

Concluir lo contrario hubiese significado promover que una persona no admitida en nuestra jurisdicción realice actividades que ya este Tribunal ha considerado como propias de la práctica de la abogacía. Tal es el caso de la orientación y la asesoría legal. En *In re Gervitz Carbonell,* 162 D.P.R. 665, 701 (2004), concluimos que el Canon 33 del Código de Ética Profesional "prohíbe que un abogado no admitido en nuestra jurisdicción suministre consejo legal a los clientes de un abogado *aunque se trate de un asunto fuera de los tribunales*".

Asimismo, recientemente en *In re Alam M. Wolper; Nathan Lamb; Adam Tullier*, 2013 TSPR 86, 189 D.P.R. ___ (2013), enfatizamos que:

> en nuestra jurisdicción sí se prohíbe el ejercicio de la profesión de la abogacía por parte de personas no autorizadas por este Tribunal. Más aun, como mencionado anteriormente, esta prohibición no se limita a las comparecencias en los foros judiciales y cuasi-judiciales.

Por consiguiente, expresar que la práctica de la abogacía se extiende más allá de los foros judiciales y solo conceder la admisión por cortesía cuando un abogado no admitido en nuestra jurisdicción va a postular en nuestros foros es antagónico y contradictorio.

No podemos promover que una persona no admitida a nuestra jurisdicción realice funciones que han sido atribuidas a la práctica legal de la profesión sin necesidad de requerir autorización de nuestro Tribunal. Ádemas de contravenir los Cánones de Ética Profesional,

estamos promoviendo una violación a las disposiciones de la Ley Núm. 17 del 10 de junio de 1939, 4 L.P.R.A. sec. 740. Esta ley específicamente dispone que si la persona no ha sido admitida a nuestra jurisdicción,

> [no] podrá dedicarse al ejercicio de la profesión de abogado, ni anunciarse como tal, ni como agente judicial, ni gestionar, con excepción de sus asuntos propios, ningún asunto judicial o cuasi judicial ante cualquier tribunal de justicia; Disponiéndose, que la infracción de cualquiera de las disposiciones contenidas en esta sección, se considerará y castigará como un delito menos grave.

Por estas razones, considero que no podemos penalizar a este abogado que responsablemente nos ha solicitado admisión por cortesía para exclusivamente atender los Reclamos de Bonos que se han suscitado con los inversionistas en Puerto Rico. Denegar la solicitud implicaría obligar a que este letrado realice actividades propias de la práctica de la abogacía sin ser admitido a nuestra profesión. En conclusión, reitero el Voto de Conformidad a la Resolución emitida durante el día de hoy.


Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lorenz Michel Prüss

MC-2013-052

Voto Particular Disidente emitido por el Juez Presidente señor Hernández Denton a la cual se unen la Jueza Asociada señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez.

San Juan, Puerto Rico, a 1 de noviembre de 2013.

Mediante la presente Resolución, una mayoría de este Tribunal desvirtúa el propósito de la figura de admisión por cortesía provista por la Regla 12(f) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-B, al admitir al abogado de epígrafe sin cumplir con los requisitos establecidos en la misma. Por ello, disiento de ese curso de acción. En su lugar, hubiera pospuesto la resolución de esta petición y ordenado al abogado a que en un término de 15 días nos informara los casos especiales en los que postularía y pagara los aranceles correspondientes a cada uno.

El abogado peticionario nos ha solicitado admisión por cortesía para orientar, entrevistar, contratar clientes, presentar querellas y litigar ante la *Financial Industry Regulatory Authority* (FINRA) en reclamaciones relacionadas con pérdidas de inversiones en el mercado de bonos de Puerto Rico. Con su solicitud acompañó el certificado de buena conducta del Colegio de Abogados de Florida, sellos de rentas internas por cuatrocientos dólares ($400) y el endoso de los Lcdos. Carlos Romero Barceló y Carlos A. Romero, Jr. Sin embargo, en su solicitud no nos da detalles sobre la cantidad de casos ni las partes que representará. Por lo tanto, no nos pone en posición de determinar la existencia ni la probabilidad de un caso real en el cual desea postular. Ante esta situación, lo que procede es posponer la consideración de su solicitud.

La Regla 12(f), *supra,* establece que: "[c]ualquier persona admitida al ejercicio de la abogacía en un estado o territorio de Estados Unidos de América o en el Distrito de Columbia podrá ser autorizada por cortesía por este Tribunal **para postular como abogado o abogada en Puerto Rico en casos especiales**". (Énfasis suplido). Como requisito, un abogado admitido al ejercicio de la profesión en esta jurisdicción debe endosar la solicitud y dar fe de su capacidad "para postular como abogado o abogada **en el caso correspondiente**". Íd. (Énfasis suplido). Asimismo, debe presentarse un certificado expedido por el más alto tribunal del estado en el cual la persona solicitante esté admitida al ejercicio de la profesión y sellos de rentas internas por un valor de

cuatrocientos dólares ($400), salvo que estos se dispensen por este Tribunal. Íd.

De esa forma se viabiliza la admisión *pro hac vice* en nuestra jurisdicción. Esto permite que un abogado admitido a ejercer la abogacía en un estado de Estados Unidos sea "autorizado a participar como abogado **en un caso en específico** que se tramita en otro estado o en Puerto Rico aun cuando no haya sido admitido a ejercer la abogacía en éstos" pues satisface las condiciones que el ordenamiento ha establecido para ello. S. Steidel Figueroa, <u>Ética y responsabilidad disciplinaria del abogado</u>, Publicaciones JTS, 2010, pág. 83. (Énfasis en el original).

La Regla 12, *supra*, es sumamente importante pues solo contempla tres instancias en las que se autoriza a un abogado a ejercer la profesión legal en Puerto Rico: (1) la admisión mediante examen, (2) la admisión por cortesía y (3) el ejercicio de la profesión por estudiantes de Derecho. De lo contrario, incurren en el delito de practicar ilegalmente la profesión, según establecido en la Ley Núm. 17 de 10 de junio de 1939, 4 L.P.R.A. sec. 740. Cabe destacar que la admisión por cortesía es un mecanismo especial a utilizarse excepcionalmente. El Tribunal tiene discreción para hacer la determinación caso a caso. Por ello, no se puede abusar de la misma concediendo admisiones por cortesía a un abogado en un número indeterminado de pleitos.

En <u>In re: Alam M. Wolper</u>, 2013 T.S.P.R. 86, 189 D.P.R. <u>    </u> (2013), atendimos una controversia similar y aclaramos que cualquier abogado no admitido en nuestra jurisdicción

que desee **comparecer en representación de una parte** en un procedimiento de arbitraje, en aquel caso también ante la FINRA, debe solicitar la admisión por cortesía, según dispuesto en la Regla 12(f) del Reglamento del Tribunal Supremo, *supra*.

Entiendo que en el país ha surgido una situación difícil relacionada con el mercado de valores en la que se han visto involucradas casas de corretaje como UBS, Popular Securities, Santander Securities, entre otras. A raíz de esto, los inversionistas afectados pudieran querer presentar reclamaciones en los foros pertinentes. También soy consciente que las partes involucradas en una reclamación tienen libertad para escoger la representación legal que deseen. No obstante, cuando el abogado seleccionado no está admitido en nuestra jurisdicción, debe completar el proceso de admisión mediante examen, el proceso de admisión por cortesía o ser estudiante de Derecho autorizado a practicar la profesión, según dispone la Regla 12, *supra*.

Precisamente, el abogado de epígrafe solicita admisión por cortesía. Sin embargo, no especifica la cantidad de casos ni las partes que representará. Por esto, conceder la petición es contrario a lo permitido por la Regla 12 (f), *supra*, pues en lugar de admitirlo **por cortesía** para que **postule** en **casos especiales**, lo estaremos admitiendo para que practique abiertamente la profesión en determinada **área** del derecho. El efecto real de esta Resolución es que permite un subterfugio para que el abogado solicitante pueda practicar la profesión en nuestra jurisdicción sin haber aprobado el

examen de reválida y sin haber cumplido con los requisitos de carácter y reputación que se exigen en este Foro. Esto al permitirle orientar, entrevistar a posibles clientes y asumir la representación legal de cuantos casos desee, lo que altera la naturaleza de la admisión por cortesía. Por el contrario, el Tribunal debió definir la cantidad de casos que un abogado puede tramitar de forma *pro hac vice* para asegurarnos que no se abuse de este mecanismo excepcional.

Aunque disiento del proceder de este Tribunal, aprovecho para recordar al abogado peticionario y a todos aquellos admitidos al amparo de la Regla 12(f), *supra,* su deber de cumplir con los Cánones de Ética Profesional. En especial, lo relacionado con la contratación y fijación de honorarios.

Federico Hernández Denton
Juez Presidente