EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Ex Parte: <br><br><br> James Joseph Moylan | 2014 TSPR 47 <br><br> 190 DPR ____ |
| --- | --- |

Número del Caso: MC-2014-61

Fecha: 21 de marzo de 2014

Abogada del Peticionario:

     Lcda. Vanessa Álvarez Santiago

Materia: Resolución del Tribunal con Voto Particular Disidente

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| **JAMES JOSEPH MOYLAN**<br><br>EX PARTE | **Núm.:**<u>**MC-2014-0068**</u> | *Admisión por Cortesía* |

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de marzo de 2014.

Atendida la "Moción Urgente Solicitando Admisión por Cortesía" presentada, se declara *Ha Lugar*.

Se le apercibe al peticionario que de postular en más de una querella, deberá cancelar los correspondientes sellos de rentas internas por cada una.

**Notifíquese inmediatamente por teléfono, facsímil o correo electrónico, y notifíquese posteriormente por la vía ordinaria.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Estrella Martínez disiente con opinión escrita, a la que se unen el Juez Presidente señor Hernández Denton. Las Juezas Asociadas señora Fiol Matta y señora Pabón Charneco no intervinieron.


                    Aida Ileana Oquendo Graulau
                  Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Ex parte

James Joseph Moylan

MC-2014-068


Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTÍNEZ al cual se une el Juez Presidente SEÑOR HERNÁNDEZ DENTON.


San Juan, Puerto Rico, a 21 de marzo de 2014.

Por considerar que la Regla 12(f) de nuestro Reglamento[1] y su jurisprudencia interpretativa requiere que un abogado que solicite admisión por cortesía presente los certificados acreditativos de la totalidad de las jurisdicciones en las que se encuentra admitido al ejercicio de la abogacía, respetuosamente disiento.

**I**

El licenciado James Joseph Moylan presentó ante este Foro una moción solicitando admisión por cortesía con el fin de comparecer como

_____

[1] Regla 12(f) del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B.

representante legal de RD Capital Group en un procedimiento de arbitraje ante la *Financial Industry Regulatory Authority* (FINRA). La referida solicitud estaba acompañada de una serie de documentos, entre los cuales se encontraba el *curriculum vitae* del peticionario y una certificación acreditativa de buen estado (*good* standing), emitida por la Corte Suprema del estado de Colorado. Aunque de los documentos presentados surge que el licenciado Moylan había sido también admitido a la práctica de la profesión legal en el estado de Illinois y en Washington D.C.,[2] éste no incluyó las correspondientes certificaciones acreditativas.[3] Sin requerirle la presentación de las restantes certificaciones y lamentablemente desatendiendo los propósitos primordiales del requerimiento establecido por la Regla 12(f), una mayoría de este Tribunal concede sin más la admisión por cortesía peticionada.

## II

La polémica ante nuestra consideración requiere que dilucidemos si basta con que un abogado que interesa ser admitido por cortesía en nuestra jurisdicción evidencie su buen estado en cualquiera de las jurisdicciones a las que ha sido admitido o, por el contrario, necesita presentar

---

[2]Actualmente, el licenciado Moylan se encuentra como miembro inactivo en Washington D.C. y miembro activo de los estados de Colorado e Illinois.

[3]De otra parte, el licenciado Moylan cumplió con los demás requerimientos estatutarios de la Regla 12(f) de nuestro Reglamento.

las certificaciones acreditativas, correspondientes a todas las jurisdicciones en las que está autorizado a ejercer la profesión de la abogacía. Para ello, resulta necesario realizar un análisis que considere las disposiciones pertinentes de la Regla 12(f) y su jurisprudencia interpretativa. Veamos.

Nuestro ordenamiento jurídico reconoce la posibilidad de que un abogado, admitido a la profesión legal en otro estado o territorio de los Estados Unidos o en el Distrito de Columbia, sea admitido provisionalmente a nuestra jurisdicción para postular en casos especiales.[4] A esos efectos, el interesado debe presentar una solicitud que cumpla a cabalidad con una serie de requisitos establecidos en la Regla 12(f). En lo pertinente, el peticionario tiene la obligación de presentar un certificado "expedido por el más alto tribunal del estado en el cual la persona solicitante está admitida al ejercicio de la profesión".[5] El referido requerimiento persigue el propósito primordial de atestiguar que éste se

---

[4] 4 LPRA Ap. XXI-B.

[5] Íd. La Regla 12(f) require, además, que: (1) la solicitud presentada se encuentre endosada por un abogado admitido al ejercicio de la profesión en Puerto Rico y que dé fe de la capacidad del solicitante para postular como abogado en el caso correspondiente;(2) se acompañe de sellos de rentas internas por un valor de cuatrocientos dólares, salvo que el Tribunal autorice una dispensa por justa causa;(3) se haga constar, tanto por el solicitante como por el abogado que endosa la solicitud, que el primero domina el español o que, en su defecto (4) el solicitante postulare acompañado por un abogado del foro que domine tanto el español como el inglés.

encuentra admitido en alguna de las jurisdicciones comprendidas y que **"a la fecha del certificado se mantiene debidamente acreditada"** su buena reputación.[6]

Esta Curia tuvo la oportunidad de examinar la Regla 12(f) en el contexto de procesos de arbitraje ante la *Financial Industry Regulatory Authority en* el normativo caso <u>In re Alam M. Wolper</u>, 2013 TSPR 86, 189 DPR ___ (2013). En aquella ocasión, conscientes de los "debate[s que se han generado] en torno a la práctica multi-jurisdiccional de la profesión legal",[7] hicimos referencia a la Regla 5.5 de las Reglas Modelo de Conducta Profesional de la American Bar Association.[8] Particularmente, el acápite 5.5(c) del referido estatuto establece que:

> (c) A lawyer admitted in another United States jurisdiction **and not disbarred or suspended from practice in any jurisdiction**, may provide legal services on a temporary basis in this jurisdiction that:
>
> . . . .
>
> (3) are in or reasonably related to a pending or potential arbitration, mediation, or other alternative dispute resolution proceeding in this or another jurisdiction. . . .[9]

El comentario a la citada regla confirma que el peticionario no sólo debe encontrarse admitido a la

---

[6]Íd.

[7]Íd., pág. 4.

[8]American Bar Association, Model Rules of Professional Conduct, Rule 5.5.

[9]Íd.

práctica de la profesión sino que, además, es necesario que se encuentre en buen estado en las jurisdicciones a las que pertenece. Esto es, no puede haber sido suspendido o desaforado de jurisdicción alguna.[10]

Además, considerando que el peticionario en <u>In re Alam M. Wolper</u>, *supra,* solicitaba admisión al foro con el fin de fungir como representante legal de una parte un proceso ante FINRA, hicimos mención de la sección 13208 del *Code of Arbitration Procedures for Industry Disputes*.[11] Ésta concibe la intervención de un abogado como representante legal de una parte en un procedimiento ante FINRA condicionado a que éste se encuentre en:

**[G]ood standing** and admitted to practice before the Supreme Court of the United States or the highest court of any state of the United States, the District of Columbia, or any Commonwealth, territory or possession of the United States, unless state law prohibits such representation.[12]

Idéntico lenguaje provee el *Code of Arbitration Procedures for Customer Disputes*.[13] Asimismo, ambos

---

[10] "There are occasions in which a lawyer admitted to practice in another United States jurisdiction, **and not disbarred or suspended from practice in any jurisdiction**, may provide legal services on a temporary basis in this jurisdiction under circumstances that **do not create an unreasonable risk to the interest of their clients, the public or the courts**". Íd.

[11] Íd. Véase además, Financial Industry Regulatory Authority, *Code of Arbitration for Industry Disputes*, http://finra.complinet.com/en/display/display_main.html?rbid=2403&element_id=4193 (última visita, 20 de marzo de 2014).

[12] Íd.

[13] Financial Industry Regulatory Authority, *Code of Arbitration Procedures for Customer Disputes*, section 12208,http://finra.complinet.com/en/display/display.html?rbi

códigos admiten que una parte en un procedimiento ante FINRA sea representada por un tercero y explícitamente excluyen como posible representante a cualquier persona que se encuentre "currently suspended from the practice of law or disbarred".[14]

Lo anterior evidencia que el requerimiento de la Regla 12(f) no intenta limitarse a que un peticionario haga constar su admisión sino que, además, resulta indispensable que el solicitante evidencie que se encuentra en buen estado en todas las jurisdicciones a las que pertenece. Para ello, es necesario que se requiera la presentación de todos los certificados acreditativos y no sólo de uno.

De esta manera se intenta proteger a los ciudadanos de un foro de las actuaciones impropias previas de un abogado que puedan resultar incompatibles con los más altos estándares de nuestra profesión. Interpretar el lenguaje de la Regla 12(f) de forma ajena a la realidad multi-jurisdiccional actual, y limitar el requerimiento antedicho a la presentación de un sólo certificado acreditativo de buen estado, a elección del peticionario, incide en la interpretación armoniosa que debemos realizar y resulta en una evaluación fragmentada e incompleta de un abogado que no pertenece al foro.

---

d=2403&record_id=5193&element_id=4114&highlight=not+disbarred#r5193 (última visita, 20 de marzo de 2014).

[14]Íd., sec. 12208(c). Véase además, *Code of Arbitration for Industry Disputes*, *supra*, sec. 13208(c).

Soy del criterio que en el trámite de una solicitud de admisión por cortesía, el lenguaje de la Regla 12(f) y su correspondiente jurisprudencia interpretativa requiere la presentación de las certificaciones acreditativas de todas las jurisdicciones a las que pertenece el peticionario, a fin de poder evaluar cabalmente su solicitud y estimar si éste se encuentra en buen estado en las jurisdicciones a las que pertenece.

### III

En virtud de los fundamentos antes expuestos, le ordenaría al licenciado Moylan que presente las restantes certificaciones que acrediten su buen estado en las jurisdicciones de Illinois y Washington D.C. como condición previa a conceder su admisión por cortesía.

Luis F. Estrella Martínez
Juez Asociado