EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Ex Parte: | |
|---|---|
| Keith Olin | 2014 TSPR 66 |
| Matthew Wolper | 190 DPR ____ |

Número del Caso: MC-2014-86

Fecha: 23 de mayo de 2014

Materia: Resolución del Tribunal con Voto

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte:

Keith Olin                          MC-2014-086
Matthew Wolper

RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de mayo de 2014.

Examinada la solicitud de admisión por cortesía presentadas por los peticionarios Keith Olin y Matthew Wolper, se provee con lugar. En su consecuencia, se admiten por cortesía a ambos abogados para que representen a su cliente en el caso FINRA Núm. 14-00151.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió un Voto de Conformidad al cual se unieron la Juez Asociada señora Rodríguez Rodríguez, y los Jueces Asociados señores Kolthoff Caraballo, Rivera García y Feliberti Cintrón. La Jueza Asociada señora Pabón Charneco hace constar la expresión siguiente:

> La Jueza Asociada señora Pabón Charneco disiente por entender que la Regla 12(f) de nuestro Reglamento, 4 LPRA Ap. XXI-B, requiere la presentación de las certificaciones acreditativas de todos los estados en los cuales los peticionarios están admitidos. Véase el Voto Particular

Disidente emitido por el compañero Juez Asociado señor Estrella Martínez en el caso Ex Parte: James Joseph Moylan, 2014 TSPR 47, 190 DPR ___ (2014). Luego de examinar la solicitud de admisión por cortesía objeto de controversia, encontramos que además del estado de Florida, el Lcdo. Keith Olin está admitido a ejercer la práctica de la abogacía en el estado de Illinois y no proveyó una certificación acreditativa de dicho estado. Por tanto, proveería No Ha Lugar a la solicitud de admisión por cortesía en cuanto al licenciado Olin hasta tanto se presente la certificación acreditativa del estado de Illinois y cualquier otro estado en el cual se encuentre admitido para ejercer la práctica de la abogacía.

El Juez Asociado señor Estrella Martínez hace constar la expresión siguiente:

El Juez Asociado señor Estrella Martínez se encuentra conforme con la determinación de admitir al Lcdo. Matthew Wolper. Sin embargo, disiente de la admisión del Lcdo. Keith Olin por las razones expuestas en Ex Parte: James Joseph Moylan, res. el 21 de marzo de 2014, 2014 TSPR 47, 2014 JTS 56, 190 DPR __ (2014) (Estrella Martínez, J., Voto Particular Disidente). Entiende que, a pesar de encontrarse admitido a la profesión en los estados de Illinois y Florida, no incluyó la totalidad de los certificados acreditativos expedidos por las jurisdicciones en las cuales se encuentra admitido al ejercicio de la profesión tal como es requerido por la Regla 12 (f) de nuestro Reglamento según interpretada en In re Wolper et al., Op. de 2 de agosto de 2013; 2013 TSPR 86; 2013 JTS 89; 189 DPR ___ (2013).

La Jueza Presidenta Interina señora Fiol Matta no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Ex Parte:


Keith Olin                         MC-2014-086
Matthew Wolper



Voto de conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES al cual se unieron la Juez Asociada señora RODRÍGUEZ RODRÍGUEZ, y los Jueces Asociados señores KOLTHOFF CARABALLO, RIVERA GARCÍA y FELIBERTI CINTRÓN.


En San Juan, Puerto Rico, a 23 de mayo de 2014.

Estoy conforme con la Resolución del Tribunal. La Regla 12(f) de nuestro Reglamento, 4 LPRA ap. XXI-B, no exige que un abogado, en una solicitud de admisión por cortesía, presente un certificado de cada uno de los foros a los que está admitido. Procede declarar con lugar la petición del Lcdo. Keith Olin de ser admitido por cortesía en esta jurisdicción. Nadie debe ser penalizado por ataduras geográficas indebidas en el proceso de admisión por cortesía de abogados de otras jurisdicciones. C. Wolfram, Modern Legal Ethics, St. Paul, Minnesota, 1986, West Publishing Co., pág. 865.

Según surge del expediente, el peticionario Keith Olin cumplió con los requisitos de nuestra Regla 12(f), <u>supra</u>. Esa regla exige, en lo pertinente, que el abogado solicitante presente un "certificado expedido por el más alto tribunal del estado en el cual la persona solicitante esté admitida al ejercicio de la profesión, haciendo constar el hecho de su admisión y que a la fecha del certificado se mantiene debidamente acreditada". En particular, Keith Olin presentó un certificado del estado de Florida en el que se acredita que es miembro de ese foro y que, a la fecha de su expedición, su membresía estaba vigente. Con la presentación de ese certificado se cumplió con la Regla 12 (f), <u>íd</u>. Nuestro ordenamiento no requiere el ritualismo extremo de exigir que un abogado, en una solicitud de admisión por cortesía, presente un certificado de cada uno de los foros a los que está admitido.

El propósito de esa regla es que tengamos constancia de que ese abogado está admitido a la práctica de la abogacía en algún otro foro y que ha cumplido con sus obligaciones éticas en esa jurisdicción. Véase American Bar Association, <u>Report of the Commission on Multijurisdictional Practice</u>, pág. 45 (2002) ("Ordinarily, the interests in protecting the client, the public and the court will be served where the court ascertains that the lawyer is admitted to practice **elsewhere** and has complied with professional obligations") (Énfasis suplido). Véase, además, <u>State v. Brown</u>, 515 P. 2d 1008 (1973). Ser miembro en "good standing" de alguna jurisdicción es suficiente para

comprobar que esa persona ha cumplido con las obligaciones éticas en ese otro foro. Véanse, por ejemplo, Walter E. Heller Western, Inc. v. Superior Court of Los Angeles County, 111 Cal. App. 3d 706 (1980); C. Ubanks, Can I Conduct This Case in Another State? A survey of State *Pro Hac Vice* Admission, 28 J. Legal Prof. 145, 147-148 (2003). De hecho, algunas cortes resuelven que los tribunales deben darle gran deferencia a los demás foros sobre la determinación de competencia y estatura moral que hicieron sobre el abogado que solicita admisión por cortesía. Véase, por ejemplo, Hahn v. Boeing Co., 621 P. 2d 1263, 1266 (WA. 1980) ("where an out-of-state attorney in good standing in the bar of his own state applies for temporary admission, chief reliance must be placed upon the competency and moral character determination made by the proper authorities in the attorney's home state.") No tengo que abundar en la importancia de esa norma de deferencia para un tribunal que se precie de ser fiel a los principios del federalismo y a la deferencia entre jurisdicciones estatales.

La preocupación que esbozó el compañero Juez Asociado señor Estrella Martínez en Ex Parte: James Joseph Moylan, res. el 21 de marzo de 2014, 2014 TSPR 47, 2014 JTS 56, 190 DPR __ (2014), sobre la protección que debemos darle a los ciudadanos en nuestro Foro es muy legítima. Sin embargo, opino que la solución a su preocupación está contemplada en la Regla 12 (f), supra. Un abogado que solicite admisión por cortesía tiene que presentar una solicitud endosada por un abogado admitido al ejercicio de la profesión por este

Tribunal, quien tiene que dar fe de la capacidad de esa persona solicitante para ejercer la profesión. C. Wolfram, op cit., págs. 871-872. Es decir, un abogado de nuestro foro, cuyas capacidades morales e intelectuales ya evaluamos y sobre quien tenemos completa jurisdicción para disciplinar, se hace responsable ante nosotros sobre cualquier deficiencia en la capacidad profesional del abogado solicitante. Véanse: Williams v. City of New Orleans ex rel. Public Belt R.R. Com'n of City of New Orleans, 831 So.2d 947 (La. 2002); Lefton v. City of Hattiesburg, Miss., 333 F.2d 280 (5to Cir. 1964). Además, el abogado de nuestro foro velará porque el abogado solicitante se comporte de acuerdo a nuestros estándares éticos. Véase, American Bar Association, op cit., pág. 22.

La Regla Modelo 5.5 de Conducta Profesional de la American Bar Association, C. Wolfram, op cit., págs. 1143-1144, citada en el disenso del Juez Asociado señor Estrella Martínez, tampoco exige, ni en su letra ni en su espíritu, que un abogado presente todos los certificados de los foros a los que pertenece. Y es que el propósito de esa regla no es regular **cómo** un abogado debe solicitar admisión por cortesía. Su propósito es establecer en **qué** momento un abogado que no está autorizado a ejercer en una jurisdicción en particular incurre sustantivamente en una práctica ilícita de la profesión legal. De hecho, lo que evaluamos en In re Wolper et al., Op. de 2 de agosto de 2013; 2013 TSPR 86; 2013 JTS 89; 189 DPR ___ (2013), era si

los abogados involucrados en el caso habían practicado la abogacía ilegalmente en Puerto Rico.

En el caso ante nuestra consideración, no hay duda de que bajo nuestro ordenamiento podemos autorizar al peticionario Keith Olin para el fin que solicita. Véase In re Michel Pruss, res. de 1 de noviembre de 2013; 2013 TSPR 126; 2013 JTS 129; 189 D.P.R. ___ (2013). Lo que este Tribunal debe analizar es si el abogado Keith Olin cumplió con el proceso para que le autoricemos a ejercer la abogacía en nuestro foro. Por lo tanto, es inaplicable la Regla Modelo 5.5 de Conducta Profesional, supra. Para considerar si el peticionario cumplió con el proceso, tenemos que acudir al texto que regula ese tema en nuestra jurisdicción: la Regla 12(f) del Reglamento del Tribunal Supremo, supra.

En conclusión, reafirmo mi conformidad con admitir al peticionario Keith Olin porque presentó un certificado del estado de Florida en el que acredita que está admitido a la abogacía y goza de "good standing" en esa jurisdicción, y porque una abogada de esta jurisdicción, la Lcda. Heidi L. Rodríguez, se comprometió a responder ante nosotros en caso de cualquier problema ético que involucre a los peticionarios. Williams v. City of New Orleans ex rel. Public Belt R.R. Com'n of City of New Orleans, supra.

RAFAEL L. MARTÍNEZ TORRES
Juez Asociado